UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TOMMIE ADAMS FOR THE USE AND )
BENEFIT OF THE HEIRS AT LAW OF )
AUTUMN CLARK DECEASED AND )
TOMMIE ADAMS, )
 )
    Plaintiffs, )
 )
v. )   No. 3:06-0788
 )   JUDGE HAYNES
 )
OFFICER JAMES GARRETT, )
OFFICER RUSSELL LARA, AND )
JEREMY CLARK, )
 )
    Defendants. )

## MEMORANDUM

Plaintiff Tommie Adams filed this action individually and on behalf of the heirs of Autumn Clark, her deceased child, under 42 U.S.C. § 1983 against Defendants: City of Hendersonville, Hendersonville Police Department, James Garrett, Russell Lara, and Jeremy Clark. Plaintiff asserted claims for violation of her Fourth and Fourteenth Amendment rights due to the individual Defendants' unlawful seizure of her during the officers' response to Plaintiff's call and that this seizure ultimately led to the death of her child, Autumn Clark. In essence, Plaintiff's claims were that Defendants violated her Fourth Amendment rights by an unreasonable seizure when the Defendants improperly threatened to arrest Plaintiff without probable cause if she attempted to remove her daughter, Autumn, from Defendant Clark's car. Plaintiff also asserted claims against the City of Hendersonville and the Hendersonville Police Department for the alleged Fourth and

Fourteenth Amendment violations due to their customs, practices, and policies. Plaintiff asserted a claim against Jeremy Clark for wrongful death. After discovery and motion for summary judgment, the Court granted the Defendants' motion for summary judgment as to Plaintiff's Fourteenth Amendment claims and Plaintiff's claims against Defendants, City of Hendersonville and Hendersonville Police Department, but denied summary judgment as to Plaintiff's Fourth Amendment claim against Garrett and Lara. (Docket Entry No. 37).[1] Plaintiff's claims proceeded to jury trial, and on September 8, 2010, a verdict in favor of the remaining Defendants was entered. (Docket Entry Nos. 106 and 108).

Before the Court is Plaintiff's motion for new trial (Docket Entry No. 109), contending that the jury's verdict was against the clear weight of the evidence. In response, Defendants contend that there was sufficient evidence to support the jury's verdict.[2] Also, before the Court is Defendants Garrett's and Lara's motion for costs (Docket Entry No. 117) to which Plaintiff has not responded and is deemed unopposed under Local Rule 7.01(b).

On a motion for a new trial, the Court is to decide if the jury could reasonably reach the verdict based upon the evidence. Powers v. Bayliner Marine Corp., 83 F.3d 790, 798 (6th Cir. 1996). A trial court cannot substitute its judgment on credibility for the jury's determinations. Anderson v. Conwood Co., 34 F. Supp.2d 650, 653 (W.D. Tenn. 1999) (citing Farber v. Massillon Bd. of Educ., 917 F.2d 1391, 1395 (6th Cir. 1990)).

---

[1] The claim against Jeremy Clark was not before the Court on motion for summary judgment.

[2] In his response, Defendant Jeremy Clark contends that Plaintiff's motion for a new trial is only directed at the claims against Garrett and Lara. The Court agrees.

2

Upon a motion for a new trial, the Court is not to set aside the jury verdict absent a showing of a "'seriously erroneous result' as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." Holmes v. City of Massillon, Ohio, 78 F.3d 1041, 1046 (6th Cir. 1996). The evidence is also reviewed "most strongly in a light in favor of the verdict." Ross v. Meyers, 883 F.2d 486, 488 (6th Cir. 1989).

Plaintiff contends that she was seized within the meaning of the Fourth Amendment when Defendants warned Plaintiff that she would "probably be arrested" if she attempted to take her daughter out of Clark's car. Plaintiff contends that as a result of Defendants' threats of her arrest under Tenn. Code Ann. § 39-13-101 she was arrested without the benefit of probable cause as required by the Fourth Amendment and the jury's verdict in favor of Defendants went against the greater weight of the evidence. Defendants respond that the proofs at trial do not mandate a new trial be granted.

The testimony at trial reveals that Defendants were aware that Clark was Autumn's biological father, Plaintiff and Clark were married, there were no ongoing divorce proceedings nor any protective or restraining orders in place. (Docket Entry No. 113 at 10; Docket Entry No. 114 at 11-12). Garrett testified that he did not forbid Plaintiff from removing her child from the car, did not threaten Plaintiff with arrest nor did he physically touch Plaintiff. (Docket Entry No. 113 at 17). When Plaintiff asked what might happen if she reached in the car and grabbed her daughter, Garrett stated that Plaintiff "*could possibly* be arrested for domestic." (Docket Entry No. 114 at 15) (emphasis added). Lara testified as follows:

> A. . . . .I explained to her that if she-- if anything did occur, she possibly could be considered the primary aggressor because of the fact that everything had calmed down. And if Mr. Clark decided to try to stop her, if anything happened.
>
> Q. Primary aggressor? What does that mean?
>
> A. It means the person who initiates the contact or initiates the -- the one who is – starts the issue. If we can determine who began the issue. If the situation was calm and he was adamant about not letting her take the baby, and she goes in and gets the baby, and he goes in there and they start having an argument and scuffling and hands start slapping, the primary aggressor would be the one who initiated that.

Id. at 15-16.

Based upon the trial testimony, the Court concludes that the jury had a reasonable basis to reach its verdict based upon the evidence, determining that Plaintiff had not been seized under the Fourth Amendment. Accordingly, the Court concludes that Plaintiff's motion for a new trial (Docket Entry No. 109) should be denied.

As prevailing parties, Defendants request an award of costs under Fed. R. Civ. P. 54(d) and 42 U.S.C. § 1988 in the amount of $4,366.40. Fed. R. Civ. P. 54(d) states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." The Sixth Circuit has interpreted this language to conclude that a presumption exists in favor of awarding costs, but a trial court may disallow such an award at its discretion. Knology v. Insight Communications Co. LP, 460 F.3d 722, 726 (6th Cir. 2006). The Sixth Circuit has "'identified several factors a losing party may put forward that may be sufficient to justify a district court in overcoming the presumption in favor of a cost award, including the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs.'" Id. at 726-27 (citation omitted).

Section 1988(b) provides that "[i]n any action or proceeding to enforce a provision of section[] . . . 1983 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." "Some expenses are included in the concept of attorney's fees, as 'incidental and necessary expenses incurred in furnishing effective and competent representation,' and thus are authorized by section 1988." Northcross v. Board of Ed. of Memphis City Schs., 611 F.2d 624, 639 (6th Cir. 1979) (overruled on other grounds). These expenses are limited to "reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services," such as "[r]easonable photocopying, paralegal expenses, and travel and telephone cost." Id.

Other costs that are "incurred by a party to be paid to a third party, not the attorney for the case . . . include, among others, docket fees, investigation expenses, deposition expenses, witness expenses, and the costs of charts and maps." Id. Many of these expenses are recoverable, in the court's discretion as costs under 28 U.S.C. § 1920. Id. Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Based on the authority cited above, the Court concludes that Defendants' request for clerk fees and court reporter related expenses (Docket Entry No. 119, Exhibit 1 at 5-6, 8-10, 11) in the amount $1586.40 should be granted pursuant to 28 U.S.C. § 1920. Defendants' request for expert fees, however, are unrecoverable. "[E]xpert fees may not be taxed as costs at a court's discretion under Rule 54(d) because § 1920 does not provide for them." L & W Supply Corp. v. Acuity, 475 F.3d 737, 741 (6th Cir. 2007).[3] Yet, Defendants may recover costs for the appearance of expert witnesses as provided in 28 U.S.C. § 1821. Id. Section 1821(b) allows a witness attendance fee in the amount of $40 per day. Defendants' expert witness, Denis May, appeared one day at trial. (Docket Entry No. 119, Exhibit 1 at 13). Thus, Defendants are entitled to $40 for May's attendance fee.

Accordingly, the Court concludes that Defendants' unopposed motion for costs (Docket Entry No. 117) should be granted and that Defendants should be awarded $1626.40 in costs.

An appropriate Order is filed herewith.

**ENTERED** this the 28th day of November, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge

---

[3] 42 U.S.C. § 1988(c) is inapplicable as that section only allows expert fees "in any action or proceeding to enforce a provision of section 1981 or 1981a."

6

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TOMMIE ADAMS FOR THE USE AND )
BENEFIT OF THE HEIRS AT LAW OF )
AUTUMN CLARK DECEASED AND )
TOMMIE ADAMS, )
)
    Plaintiffs, )
)
v. )  No. 3:06-0788
)  JUDGE HAYNES
)
OFFICER JAMES GARRETT, )
OFFICER RUSSELL LARA, AND )
JEREMY CLARK, )
)
    Defendants. )

## MEMORANDUM

In accordance with the Memorandum filed herewith, Plaintiff's motion for new trial (Docket Entry No. 109) is **DENIED**. Defendants' motion for costs (Docket Entry No. 117) is **GRANTED in part and DENIED in part**. Defendants are awarded $1626.40 in costs.

This is the Final Order in this action.

It is so **ORDERED**.

ENTERED this the 23rd day of November, 2010.

                                        WILLIAM J. HAYNES, JR.
                                      United States District Judge